# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES H. DONELL, as Permanent Receiver for NewPoint Financial Services, Inc., <br><br> Plaintiff, <br><br> v. <br><br> NIXON PEABODY LLP, <br><br> Defendant. | Case No. CV-12-04084-DDP (JEMx) <br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER <br><br> Judge: Hon. John E. McDermott <br> Date: n/a <br> Time: n/a <br> Crtrm.: C <br><br><br> Discovery Cutoff:  Not Set <br> Motion Cutoff:    Not Set <br> Trial Date:       Not Set |

On consideration of the Stipulation for Protection of Confidential Materials submitted by the parties, and it appearing to the Court that such a Protective Order is necessary and appropriate and will facilitate discovery,

IT IS THEREFORE ORDERED that:

1.  <u>Designation of Confidential Information and Items</u>.  This Protective Order designates as "CONFIDENTIAL" information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F. R. Civ. P. 26(c).  Extremely sensitive "Confidential Information or Items" whose disclosure to another party or nonparty would create a substantial

risk of serious injury that could not be avoided by less restrictive means is designated as "HIGHLY CONFIDENTIAL." It is anticipated that the parties will rarely designate documents or other materials as Highly Confidential, and that any party making such a designation must be prepared to demonstrate a clear and particularized risk of harm from disclosure of any materials so designated. The primary distinction between "Confidential" and "Highly Confidential" items is that the former may be filed with the Court or referred to in briefs or declarations filed with the Court without filing under seal. Highly Confidential items may only be filed or referred to in documents filed with the Court under seal in accordance with the procedures set forth in Civil Local Rule 79-5.

2. <u>Definitions</u>

(a) <u>Action</u>. As used herein, "Action" shall refer to the above-captioned action styled *Donell v. Nixon Peabody,* USDC C.D. Cal. case no. CV-12-04084-DDP (JEMx).

(b) <u>Party</u>. Each of the following is a "Party," and all taken together are the "Parties": (i) James Donell, as permanent receiver (hereinafter, the "Receiver") for Newpoint Financial Services, Inc. and related entities ("Newpoint"), the Receiver's staff, consultants, accountants, and attorneys, and any of the employees or support staff of any of them; (ii) Nixon Peabody LLP and its partners, consultants, accountants, attorneys, and insurers, and any of the employees or support staff of any of them.

(c) <u>Disclosure or Discovery Material</u>. As used herein, "Disclosure or Discovery Material" shall mean all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter, including information voluntarily disclosed by one Party to the other for use in connection with the Action.

(d) <u>Receiving Party</u>.  As used herein, "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

(e) <u>Producing Party</u>.  As used herein, "Producing Party" shall mean a Party or non-party that produces Disclosure or Discovery Material in this Action.

(f) <u>Designating Party</u>.  As used herein, "Designating Party" shall mean a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(g) <u>Protected Material</u>.  As used herein, "Protected Material" shall mean any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL," and all information derived therefrom as more fully described in paragraph 3, below.

3. <u>Scope</u>.  The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, descriptions or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>Duration</u>.  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or

routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

   6. <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designations shall be made as follows:

    (a) <u>Information in documentary form</u>.  Apart from transcripts of depositions or other pretrial or trial proceedings, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the top or bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL").  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing

Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL").

(b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>. A Designating Party asserting that any deposition testimony includes or discloses Protected Material must, before the close of the deposition, hearing, or other proceeding, assert that claim. Upon asserting that a deposition discloses Protected Material, a Designating Party will have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"). In the interim, the court reporter will make available to all parties any draft transcripts that may be utilized to make such a designation. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>Information produced in some form other than documentary, and for any other tangible items</u>. The Producing Party must affix in a prominent place on the exterior of any disk, disk drive, container or other medium in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only portions of the information or item warrant

protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential."

7. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8. <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

9. <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

10. <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

11. <u>Access and Use of Protected Material</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this Action only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 16, below.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

12. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a)    a Party (as that term is defined in Section 2.  (b))

    (b)    the Court and its personnel, including by being filed electronically as an exhibit and by being referenced in a brief or declaration, to the

extent reasonably relevant to an issue presented to the Court (however, nothing in this stipulation relieves any party of its duty to redact from documents filed with the Court the social security numbers of any individuals identified in any documents);

      (c)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

      (d)    the author of the document or the original source of the information; and

      (e)    during their depositions, witnesses in the Action to whom disclosure is reasonably necessary, but copies may not be retained by those witnesses or their counsel.

      13.    <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to the persons identified in paragraph 12, above, but such Highly Confidential items may be filed with the Court, or the contents disclosed in a filing with the Court, only in a filing made under seal, in accordance with Local Civil Rule 79-5.

      14.    <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing (by email, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In

13390.10:1706839.1        8
STIPULATED PROTECTIVE ORDER

addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

15. <u>Unauthorized Disclosure of Protected Material</u>.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Confidentiality Materials Receipt and Agreement" that is attached hereto as Exhibit A.

16. <u>Final Disposition</u>.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this Action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies

(by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 14, above.

17. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

18. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO ORDERED.

Dated this 26th day of December, 2012.

*/s/John E. McDermott* _____
HON. JOHN E. MCDERMOTT,
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES H. DONELL, as Permanent Receiver for NewPoint Financial Services, Inc., <br><br> Plaintiff, <br><br> v. <br><br> NIXON PEABODY LLP, <br><br> Defendant. | Case No. CV-12-04084-DDP (JEMx) <br><br> CONFIDENTIALITY MATERIALS RECEIPT AND AGREEMENT |

I, _____, state:

    1.    I reside at _____.

    2.    My present employer is _____
_____
_____.

    3.    My present occupation or job description is _____
_____.

    4.    I have received a copy of the Stipulated Protective Order in this Action, and have read and understand its provisions. As a condition precedent to receiving any PROTECTED MATERIAL, as defined in the Stipulated Protective Order, I agree to abide by all provisions of the Stipulated Protective Order and to subject myself to the personal jurisdiction of the United States District Court for the Central District of California with respect to the application and enforcement of the provisions of the Stipulated Protective Order. I understand that I am obligated, under the Stipulated Protective Order, to hold in confidence and not

disclose any PROTECTED MATERIAL except as permitted by the Stipulated Protective Order.

5. I understand that I am to retain all copies of any documents designated as PROTECTED MATERIAL in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any PROTECTED MATERIAL is to be returned to counsel who provided me with such material.

6. I will not divulge to persons other than those specifically authorized by the Stipulated Protective Order, and will not copy or use except solely for the purpose of this Litigation, any information obtained pursuant to the Stipulated Protective Order, except as provided therein.  I also agree to notify any secretarial, clerical, or supporting personnel who are required to assist me of the terms of the Stipulated Protective Order and to take steps to ensure their compliance with the terms of the Stipulated Protective Order.

7. I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action or proceeding for damages.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 20__.

At _____.

_____.